

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

September 11, 2023

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:    *SEC v. Ronald Bauer, et al.*, 1:22-cv-3089 (AS)

Dear Judge Subramanian:

      This letter is filed with the consent of all parties served[1] to provide the information required by the Court's August 28, 2023 Notice of Reassignment Order (Dkt. No. 71). As important context, we first note the current procedural posture of this case. On October 11, 2022, Judge Abrams granted a motion to intervene and motion to stay filed by the United States that stayed this action, nearly in its entirety, pending the completion of a parallel criminal action in this district court, *United States v. Ronald Bauer et al.*, 22-cr-155 (PAE). *See* Dkt. No. 62 ("with the exception that this order shall not stay the Securities and Exchange Commission from completing service on any remaining defendants who have yet to be served"). *See also* Dkt. No. 70.

    **1.**    **Names of counsel and current contact information, if different from the information currently reflected on the docket**

      The docket accurately reflects the names of counsel and their current contact information for Plaintiff Securities and Exchange Commission ("SEC"), Intervenor United States, and Defendants Craig James Auringer, Alon Friedlander, Massimiliano (Max) Pozzoni, Daniel Mark Ferris, and Adam Christopher Kambeitz. Intervenor United States is known to also be represented by two additional counsel: Matthew Shahabian, matthew.shahabian@usdoj.gov, and Vladislav Vainberg, vladislav.vainberg@usdoj.gov, each of the same address as noted on the docket for attorneys Jason Richman and Noah Solowiejczyk for Intervenor. Adam Kambeitz is known to also be represented by Michael J. Quinn of VedderPrice, 1925 Century Park East, Suite 1900, Los Angeles, California 90067, (424) 204-7734,

---

[1] The SEC has not completed effectuating service upon Defendant Petar Mihaylov. Intervenor United States did not participate in the preparation of this letter but was consulted concerning the Court's questions 1 and 2, in order to accurately report its counsel information and its designated Lead Counsel.

mquinn@vedderprice.com.  Mr. Quinn will enter a notice of appearance and serve as Lead Counsel for Mr. Kambeitz.  Edward (Ted) B. Diskant of McDermott, Will & Emery, One Vanderbilt Ave., New York, NY 10017, (212) 547-5754, ediskant@mwe.com, represented Defendant Ron Bauer for purposes of accepting service but did not enter an appearance in this case on behalf of Mr. Bauer and no longer represents Mr. Bauer.  Mr. Bauer is now represented by Aaron M. Katz of Aaron Katz Law LLC, 399 Boylston Street, 6th Floor, Boston, MA 02116, (617) 915-6305, akatz@aaronkatzlaw.com.  Mr. Katz has not yet entered an appearance in this case.  Finally, Brent Baker of Parsons Behle & Latimer, 201 S. Main Street, Suite 1800, Salt Lake City, Utah 84111, (801) 536-6988, bbaker@parsonsbehle.com, represented Defendant David Sidoo for purposes of accepting service on behalf of Mr. Sidoo but has not entered an appearance in this case.

**2.     The person serving as Lead Trial Counsel for each party**

| PARTY | LEAD TRIAL COUNSEL |
|---|---|
| Securities and Exchange Commission | Kenneth Wade Donnelly |
| Intervenor United States of America | Jason Andrew Richman |
| Ronald Bauer | No counsel of record |
| Craig James Auringer | Michael Carl Tu |
| Alon Friedlander | David Mark Siegal |
| Massimiliano (Max) Pozzoni | Robert Norman Knuts |
| Daniel Mark Ferris | Seth Brian Waxman |
| Petar Dmitrov Mihaylov | No counsel of record |
| David Sidoo | No counsel of record |
| Adam Christopher Kambeitz | Michael J Quinn (pro hac application forthcoming) |

**3.     A brief statement of the nature of the case and/or the principal defenses thereto**

The Complaint alleges a fraudulent scheme in violation of the federal securities laws, comprising a series of "pump-and-dumps" of the stock of at least seventeen publicly-traded companies ("Issuers") quoted on U.S. markets.  The Complaint alleges that, from at least 2006 and continuing until at least 2020, the defendants formed and acted in various combinations to amass a controlling interest in an Issuer, conceal their collective control of the Issuer, fund misleading promotional campaigns to increase investor interest in purchasing the Issuer's stock, and then exploit the demand for the

Issuer generated by their campaigns by collectively unloading their shares of inflated stock on unsuspecting investors. No defendant has yet answered the Complaint to admit, deny, or assert any defenses to the SEC's allegations. All deadlines to answer or otherwise respond to the Complaint have been stayed. *See* Dkt. No. 71.

### 4. A brief explanation of why jurisdiction and venue lie in this Court

The SEC alleges that the Court has subject matter jurisdiction over this case pursuant to Section 22(a) of the Securities Act [15 U.S.C. §77v(a)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§78u(d), 78u(e), 78aa], which generally grant the district courts of the United States subject matter jurisdiction over civil enforcement actions filed by the SEC for violations of the federal securities laws. The SEC further alleges that venue lies in this court pursuant to Section 22(a) of the Securities Act [15 U.S.C. §77v(a)] and Section 27 of the Exchange Act [15 U.S.C. §78aa], including because acts, practices, and courses of business occurred within the Southern District of New York and offers or sales took place in this district. The SEC alleges, for example, that investors residing in this district purchased stock in each of the Issuers; shares in virtually all of the Issuers were, in the scheme's furtherance, delivered to custodial firms headquartered in this district; and virtually all wires in furtherance of the scheme passed through banks headquartered in this district.

### 5. A statement of all existing deadlines, due dates, or cut-off dates

On motion by Intervener United States of America, the Court ordered this action stayed in its entirety until the completion of the parallel criminal action pending against some of the defendants, with the exception that the order did not stay the SEC from completing service on any defendants yet to be served. Dkt. No. 62, Order dated 10/11/2022. The Court also previously ordered that "[w]ithin one week of the conclusion of the parallel criminal proceedings, the parties shall propose a schedule for Defendants to answer or otherwise respond to the complaint, as well as any other next steps in this matter." Dkt. No. 70, Order dated 2/28/2023.

### 6.-9. Previously-scheduled conference dates; outstanding motions; any pending appeals; a statement of all discovery undertaken to date

None.

### 10. A brief description of the status of prior settlement discussions, without disclosing exact offers and demands

The SEC is engaging in confidential settlement discussions with certain of the Defendants and has been open to engaging in settlement discussions with other

Defendants.  The SEC will advise the court if and when any settlement agreement has been reached with one or more Defendants during the pendency of the stay.

11. **A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next 60 days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate;**

The parties have considered the use of alternative dispute resolution mechanisms and do not believe that any such mechanisms are called for at this time (*see* response to paragraph 10) or that these mechanisms could be effective with multiple defendants having differing interests, especially during the pendency of the criminal case.  An alternative dispute resolution mechanism may be more likely to be fruitful and appropriate to consider again after there has been a resolution in the criminal case and the stay in this case has been lifted.

12. **An estimate of the length of trial**

The parties respectfully advise that until the parallel criminal matter has concluded, and/or the defendants have responded to the Complaint with denials, admissions, and any defenses, the length of the trial cannot be reliably estimated.

13. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case**

None currently.

Respectfully submitted,

**/s/ Kenneth W. Donnelly**

Kenneth W. Donnelly
Assistant Chief Litigation Counsel

cc:   Counsel of Record
       Other Counsel Identified in Response to Question 1